

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JANEESE BLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04 C 8361 |
| | ) |
| FRANK CANDIOTO, Individually, SANDRA | ) Judge Nan R. Nolan |
| WOOLFOLK, Individually, GRACE BISHOP, | ) |
| Individually, DONN SIMON, Individually, | ) |
| THOMAS OWENS, Individually, CHICAGO | ) |
| PUBLIC SCHOOLS (CPS), ISBE et al., | ) |
| CHICAGO TEACHERS UNION, et al., | ) |
| HARRIS BANK, et al., MISHELLE VINCENTY, | ) |
| individually, and JEREMIAH VINCENTY, | ) |
| individually, a minor, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Janeese Bland, a teacher at Foreman High School in Chicago, Illinois, has filed suit against her former student, Jeremiah Vincenty; his mother Mishelle Vincenty; the Chicago Public Schools (CPS), ISBE; and various others alleging that she sustained mental and physical injuries when Jeremiah attacked her in class on February 10, 2004. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Mishelle now moves to dismiss the complaint against her for lack of timely service under FED. R. CIV. P. 12(b)(5) and for failure to state a claim under FED. R. CIV. P. 12(b)(6). For the reasons set forth here, the motion is granted.

## BACKGROUND

Bland alleges that on February 10, 2004, Jeremiah, a minor student in her class at Foreman High School, "charged at Plaintiff in a rage, knocking over Plaintiff's school bag" and "dump[ing] out . . . a pair of scissors." (Cmplt. ¶¶ 6, 7.)[1] Jeremiah allegedly grabbed the scissors and

---

[1] The Amended Complaint is cited as "Cmplt. ¶ __."

threatened to stab Bland while screaming obscenities at her. After Bland disarmed Jeremiah, he ran in and out of the classroom kicking the door, and slammed it shut on her finger. (*Id.* ¶¶ 8, 11.) As a result of these actions, Bland alleges, she suffered shame, humiliation, inability to work as a teacher, nervousness, and loss of sleep. (*Id.* ¶ 10.) According to Bland, Jeremiah's "assault and resulting batter[y] was willful and malicious and an act so egregious that exemplary damages are appropriate to deter similar, future misconduct." (*Id.* ¶ 12.)

Bland filed a pro se complaint in the Circuit Court of Cook County, Illinois on December 3, 2004, alleging a variety of claims against the Chicago Public Schools, Board of Education of the City of Chicago; Chicago Teachers Union; Foreman High School Principal Frank Candioto; Assistant Principal Sandra Woolfolk; Dean of Students Grace Bishop; Special Education Teacher Donn Simon; Hearing Officer Thomas Owens; and Harris Bank. The claims included: (1) violation of Bland's civil rights under Title VII; (2) violation of Bland's constitutional rights; (3) slander and libel per se; (4) defamation; (5) gross negligence; (6) intentional infliction of emotional distress; (7) damage to property; and (8) violation of the Fair Labor Standards Act. Bland also asserted a negligence claim against Jeremiah's mother, Mishelle, alleging that she had prior knowledge of her son's "arrest record, his mental illness connected with his diagnosis of conduct disorder EDB, his character, his past and what he[] is capable of and what he has done in the past," and should have known about his history of outbursts in class. Bland also alleged that Jeremiah is the product of an abusive home, and that Mishelle should have insisted that he receive a special education Individual Education Plan. (Ex. A to Def. Motion, at 31-32.)

On December 30, 2004, Defendant Chicago Public Schools removed the case to federal court. Bland moved for appointment of counsel, which the district court granted on April 19, 2005. (Minute Order of 4/19/05, Doc. 29.) The court initially appointed Marie Leach to represent Bland, but granted her relief from the appointment on May 5, 2005. (Minute Order of 5/5/05, Doc. 34.) The court then appointed Bland's current counsel, Jeffrey A. Tullis of Broida & Tullis, Ltd., on May

10, 2005. On August 19, 2005, Bland filed an Amended Complaint charging Mishelle with assault and battery; charging the Chicago Public Schools with gross negligence, conversion, and gender discrimination; charging Bishop, Candioto, Simon, Woolfolk, and Harris Bank with defamation; and charging the Chicago Teachers Union with breach of the duty of fair representation. Bland timely served most of the Defendants, but never served Mishelle with the original complaint, and did not serve her with the Amended Complaint until March 7, 2006, some 200 days after it was filed.

Mishelle now seeks to dismiss the claims against her for failure to effect timely service under Rule 4(m). She also argues that Bland has failed to state any claims for relief against her.

## DISCUSSION

### I. Rule 12(b)(5)

Mishelle first argues that Bland's complaint against her should be dismissed because she was not timely served under Rule 4(m). Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

"[W]here good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended." *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). Even in the absence of good cause, however, the court "may decline to dismiss the action and extend the time period for service . . . if the court determines it is in the interest of justice to do so." *Humphries v. Cracker Barrel Restaurant #221*, No. 03 C 3765, 2004 WL 1630512, at *2 (N.D. Ill. July 16, 2004) (citing *Panaras*, 94 F.3d at 340).

Bland does not dispute that she served Mishelle with the Amended Complaint 200 days after it was filed, but argues that she "acted diligently" in pursuing her case and has now effected service, which constitutes "good cause . . . to extend the time by which Vincenty had to be served."

3

(Pl. Resp., at 2, 4.) "No exact definition for good cause exists, but a plaintiff must at least show reasonable diligence in effecting proper service." *Hopkins v. Kane County*, No. 05 C 3147, 2006 WL 560473, at *5 (N.D. Ill. Mar. 2, 2006) (citing *Bachenski v. Malnati*, 11 F.3d 1371, 1377 (7th Cir. 1993). *See also Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002) ("Good cause means a valid reason for delay . . . .") A litigant's *pro se* status cannot be the sole factor in assessing the existence of good cause, but it is a relevant consideration. *Id.* On the other hand, "simple attorney neglect, without the presence of substantial extenuating factors such as sudden illness or natural disaster, cannot constitute the sole basis for a 'good cause' determination." *Littleton v. City of Blue Island*, No. 02 C 4619, 2003 WL 22057136, at *1 (N.D. Ill. Sept. 2, 2003) (quoting *Floyd v. United States*, 900 F.2d 1045, 1047 (7th Cir. 1990)).

Good cause does not exist for granting an extension of the 120-day period in this case. Though Bland was originally proceeding in this matter *pro se*, she secured counsel as of May 10, 2005, some three months before she filed her Amended Complaint. Significantly, there is no indication that she or her counsel made any attempt at serving Mishelle within the 120-day period. *See Rockett v. Marten Transport, Ltd.*, No. 99 C 3957, 2000 WL 816785, at *2 (N.D. Ill. June 22, 2000) (no good cause for extending 120-day period where *pro se* plaintiff was appointed counsel "just a month and a half after [he] filed his complaint . . . .") Bland's attorney states that he "was under the belief that all parties had been served, and that Vincenty had been defaulted in the proceeding in the Cook County Circuit Court." (Pl. Resp., at 3.) A review of the docket, however, would have revealed otherwise. *See Hopkins*, 2006 WL 560473, at *6 (counsel's representation that he "was unaware that plaintiff had not served defendant" did not establish good cause for extending the 120-day period where "an examination of the docket and a simple question to plaintiff would have revealed" that fact). As noted, "simple attorney neglect . . . cannot constitute the sole basis for a 'good cause' determination." *Littleton*, 2003 WL 22057136, at *1.

4

Having found no good cause for Bland's delay in serving Mishelle, the court next considers whether it should exercise discretion to allow the late service. In making this determination, the court considers a variety of factors, including (1) whether the statute of limitations has already run; (2) that the plaintiff was initially proceeding *pro se*; (3) whether the defendant has suffered any prejudice by a delay; (4) when the defendant received actual notice; and (5) any attempts at service that were made. *Hopkins*, 2006 WL 560473, at *5. In this case, the statute of limitations has run on the claim against Mishelle so Bland would be barred from refiling it after a dismissal without prejudice. In addition, Bland was initially proceeding without counsel and has now properly served Mishelle, albeit late. Significantly, Mishelle has not identified any actual prejudice from the delay in service. *Id.* at *6 (granting extension of time to effect service where plaintiff was initially proceeding *pro se*; her claims would be barred by the statute of limitations in the absence of an extension; and no actual prejudice had occurred). Under these circumstances, the court will exercise its discretion and allow the March 7, 2006 service to stand. *See Avina v. Hosko*, No. 98 C 1632, 1999 WL 184165, at *1 (N.D. Ill. Mar. 25, 1999) (exercising discretion to extend 120-day period rather than "simply visiting the sin of the lawyer's negligence upon the innocent client.")

II.     **Rule 12(b)(6)**

Mishelle next seeks dismissal of Bland's complaint for failure to state a claim under Rule 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of the plaintiff's complaint, not to decide its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A motion to dismiss will be granted only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitles him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss for failure to state a claim, the court accepts as true all factual allegations in the plaintiff's complaint and draws all reasonable inferences in her favor. *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 770 (7th Cir. 2002).

Mishelle argues that she cannot be held liable for Jeremiah's assault and battery "simply because [she] is Jeremiah's mother." (Def. Mem., at 5.) Rather, Bland must establish that Mishelle failed to adequately control or supervise Jeremiah. To state such a claim for negligent supervision, Bland must show that (1) Mishelle was "aware of specific instances of prior conduct sufficient to put [her] on notice that the act complained of was likely to occur"; and (2) Mishelle "had the opportunity to control [Jeremiah]." *Appelhans v. McFall*, 325 Ill. App. 3d 232, 239, 757 N.E.2d 987, 993 (2d Dist. 2001) (citing *Lott v. Strang*, 312 Ill. App. 3d 521, 524, 727 N.E.2d 407, 409 (4th Dist. 2000)). Mishelle insists that Bland has alleged no facts demonstrating that she had the opportunity to control Jeremiah. (Def. Reply, at 4.) The court agrees.

Parental liability for the torts of their minor children is premised on section 316 of the Restatement (Second) of Torts ("Restatement"), which states:

> A parent is under a duty to exercise reasonable care so [as] to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent
>
> (a) knows or has reason to know that he has the ability to control his child, and
>
> (b) knows or should know of the necessity and opportunity for exercising such control.

Restatement § 316, at 123-24. Illinois courts have explained that section 316 "imposes a duty on parents when they are in a position to exercise immediate control over their children to prevent some foreseeable harm. It does not impose a duty on parents to take precautionary disciplinary measures or to regulate their children's behavior on an ongoing basis." *Lott*, 312 Ill. App. 3d at 524, 727 N.E.2d at 409-10.

In *Lott*, the plaintiffs sought to hold parents liable for their minor son William's negligence in causing a traffic collision, which injured the plaintiffs and killed their child. The plaintiffs alleged that William's parents knew their son was likely to drive negligently because he had been involved in an earlier accident, but they failed to take appropriate steps to prevent him from again harming others. 312 Ill. App. 3d at 523, 727 N.E.2d at 408. In dismissing the plaintiffs' negligent

6

supervision claim, the court distinguished cases where the parent could "step in and stop the child from causing harm," and noted that section 316 "does not impose a duty on parents to prevent their children from ever entering into a situation where they might commit a negligent act." *Id.* at 525, 727 N.E.2d at 410. *See also Appelhans*, 325 Ill. App. 3d at 240-41, 757 N.E.2d at 994 (dismissing negligent supervision claim against parents whose child injured a pedestrian while riding his bicycle, where the plaintiff "d[id] not allege that the parents had an opportunity to follow [the child] to ensure that he rode his bicycle safely.") *Compare Duncan v. Rzonca*, 133 Ill. App. 3d 184, 187-88, 478 N.E.2d 603, 605 (2d Dist. 1985) (plaintiff stated a negligent supervision claim against defendant whose three-year-old son often accompanied her to work where she knew that the child had triggered the silent alarm one day, and the plaintiff was injured when the boy again pushed the alarm just six days later).

In this case, Bland's Amended Complaint does not assert any facts indicating that Mishelle knew of Jeremiah's prior outbursts or that she had any immediate opportunity to step in and stop him from injuring Bland. Bland's original complaint did allege that Mishelle had prior knowledge of Jeremiah's "arrest record, his mental illness connected with his diagnosis of conduct disorder EDB, his character, his past and what he[] is capable of and what he has done in the past." (Ex. A to Def. Motion, at 31-32.) There have never been any allegations, however, that Mishelle was at Jeremiah's school at the time he allegedly attacked Bland. As noted, parental liability may attach only where parents "are in a position to exercise *immediate* control over their children to prevent some foreseeable harm." *Lott*, 312 Ill. App. 3d at 524, 727 N.E.2d at 409 (emphasis added). Mishelle's motion to dismiss for failure to state a claim is granted.[2]

---

[2] Having concluded that Bland failed to state a claim against Mishelle, the court need not address Mishelle's argument that Bland has improperly requested an award of exemplary damages.

## **CONCLUSION**

For the reasons stated above, Mishelle Vincenty's motion to dismiss the complaint against her is granted.

ENTER:

Dated: September 21, 2006

NAN R. NOLAN
United States Magistrate Judge